■ In the Matter of R. STEPHEN REILLY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [766 NYS2d 125] —Per Curiam. Respondent was admitted to practice by this Court in 1996 and maintains an office in Latham, Albany County.

Having granted petitioner's motion for an order declaring that no factual issues were raised by the petition and answer, and having heard respondent in mitigation, we now find respondent guilty of the professional misconduct charged and specified in Charges I, II and IV through VII of the petition.

Respondent mishandled funds in his attorney escrow account by making disbursements on behalf of certain clients in excess of corresponding deposits, thereby converting other clients' funds in violation of the attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]). He also failed to maintain complete records for his escrow account and made improper cash withdrawals from the account (*see* DR 9-102 [c], [d], [e] [22 NYCRR 1200.46 (c), (d), (e)]), neglected several bankruptcy matters (*see* DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]) and, in certain instances, failed to promptly remit funds to clients (*see* DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)]). Finally, respondent failed to promptly cooperate with petitioner in its investigation (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

Respondent has a previously unblemished disciplinary record and it appears that his violations of the disciplinary rules were not venally motivated, but were the result of poor management. Under the circumstances presented, we conclude that respondent should be suspended for a period of one year, but we stay the suspension on condition that respondent timely submit to petitioner semiannual reports by a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with the ap-

plicable provisions of the disciplinary rules (*see* 22 NYCRR part 1200). Petitioner shall report any failure to meet said condition to this Court. After expiration of the one-year period, respondent may apply to this Court for termination of the suspension. Such application shall be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period and must be served upon petitioner, which may be heard thereon.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that respondent is found guilty of Charges I, II and IV through VII, as set forth in the petition; and it is further ordered that respondent is suspended from practice for a period of one year, effective immediately and until further order of this Court, which suspension is stayed upon the condition and terms set forth in this Court's decision.